**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CORTEZ RAYMOND MOSLEY,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-2616-P-BK |
| | § | |
| **WILLIAM STEPHENS, Director TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under [28 U.S.C. § 2254](#). For the reasons that follow, it is recommended that the petition be denied.

## I. BACKGROUND

Petitioner was convicted of second degree murder and, with the enhancement of two prior convictions, was sentenced to life imprisonment. [[Doc. 16-12 at 67](#)]. *State v. Mosley*, No. F07–59509 (195th Judicial District Court, Dallas County, Sep. 21, 2009), *aff'd*, 05–09–01172–CR, [2012 WL 29156 (Tex. App. – Dallas, Jan. 5, 2012, pet ref'd)](#). The Texas Court of Criminal Appeals denied his state habeas application. *Ex parte Mosley*, No. WR-79,128-01 (Tex. Crim. App. Mar. 20, 2013) (denying state habeas relief) [[Doc. 16-12 at 2](#)]. In this timely federal petition, Petitioner alleges the trial court erred in overruling his *Batson* challenges. [[Doc. 3 at 6](#)]. Respondent argues the petition lacks merit. [[Doc. 17](#)]. Petitioner has not filed a reply.

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. Woodford v. Visciotti, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet" as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." Harrington v. Richter, 562 U.S. ---, ---, 131 S. Ct. 770, 786, 788 (2011); Woodford, 537 U.S. at 24 (citation and internal quotation marks omitted).

In his sole ground for relief, Petitioner asserts the prosecution struck on the basis of race three of the four prospective African American jurors who remained on the venire panel. In Batson v. Kentucky, 476 U.S. 79, 85-88 (1986), the Supreme Court held that the Equal Protection Clause bars use of race-based peremptory jury challenges and laid out a three-step analysis for claims of racially-discriminatory jury strikes:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race. Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

Miller–El v. Cockrell, 537 U.S. 322, 328-329 (2003) (quoting Batson, 476 U.S. at 96–98).

During voir dire at Petitioner's trial, defense counsel objected to the State using peremptory challenges to remove the last four African-American jurors (Jurors 9, 10, 26 and 27). [Doc. 16-1 at 120]. After conducting a Batson hearing, the trial judge sustained defense counsel's objection as to Juror 10, but overruled the objection as to Jurors 9, 26, and 27. [Doc. 16-1 at 126, 129-130, 133]. The state court of appeals in the last reasoned opinion on the issue concluded the trial judge did not err in overruling the Batson challenge:

> The State furnished plausible, race-neutral reasons for striking three African–American veniremembers. The trial judge had the benefit of observing the demeanor of the veniremembers and the prosecutor when he decided whether the prosecutor's real reasons for the strikes were grounded in race discrimination. He concluded that they were not. We hold that, on this record, the trial judge's decisions were not clearly erroneous.

Mosley, 2012 WL 29156 at *10.

The prosecutor averred that the State struck Juror 9 because she had a prior conviction for unlawful carrying of a weapon in 1980 that she failed to reveal. [Doc. 16-1 at 121, 126]. During the *Batson* hearing, Juror 9 indicated that she failed to reveal her 1980 arrest during voir dire because she had forgotten about it. [Doc. 16-1 at 125-126]. The court of appeals concluded the State had a race neutral reason for striking Juror 9 based on her criminal history even though she said nothing objectionable during voir dire. Mosley, 2012 WL 29156 at *7. The court rejected appellant's argument that the State engaged in racially disparate treatment of venire panel members who had criminal records because he adduced no evidence in support:

> We will not speculate that other veniremembers might have had criminal records and yet were not struck by the State. The record does contain the prosecutor's statements that Jurors 13, 26, and 48 also had criminal records, and that the State struck Juror No. 13 and Juror No. 26 and would have struck Juror No. 48 if he had been within the strike zone, all because of their criminal records.

*Id.*

The prosecutor averred that Juror 26 was struck because he wore sunglasses during voir dire and because of his criminal record, a 2002 conviction for injury of a child. [Doc. 16-1 at 122]. During the *Batson* hearing, Juror 26 explained he wore glasses (which were tinted) to correct his astigmatism, admitted he knew someone who had not been treated fairly by the criminal-justice system, and confirmed his prior felony conviction. [Doc. 16-1 at 129-130]. Because Juror 26's criminal record was a valid, race neutral reason for the State's strike, the

court of appeals affirmed the trial court's rejection of the *Batson* challenge. *Mosley*, 2012 WL 29156 at *8.

Lastly, the prosecutor averred that Juror 27 was struck because she was close to someone who had been treated unfairly by the criminal-justice system, and because she initially gave an unclear answer about "the low end range" of punishment. [Doc. 16-1 at 122].

The trial court found the prosecutor's reasons for exercising preemptory strikes against Jurors 9, 26 and 27 were reasonable and race-neutral [Doc. 16-1 at 133], and the court of appeals affirmed that finding. *Mosley*, 2012 WL 29156 at *8-9. The latter noted that appellant did not meet his "burden of proving that the State's proffered race-neutral reason was a pretext for racial discrimination." *Id.* at *8. The court of appeals also noted that although the State did not strike all non-African-American venire panel members who indicated someone close to them was treated unfairly by the criminal-justice system, it did strike some. *Id.* at *9.

In the cause *sub judice*, Petitioner presents no controverting evidence or arguments in support of his *Batson* claim. Here, he merely asserts that "[t]he state courts made unreasonable application of *Batson v. Kentucky* . . . in violation of his U.S. Constitutional rights." [Doc. 3 at 6]. Even though given two extensions of time to reply, he failed to do so.

Nevertheless, the prosecutor proffered race-neutral neutral reasons for the exercise of its preemptory challenges: Jurors 9 and 26 had past criminal histories, Jurors 26 and 27 had a relationship with a person who was treated unfairly by the criminal justice system, and Juror 9 failed to disclose her past criminal history during voir dire, all of which are sufficient race-neutral reasons for exercising a preemptory challenge. See *Fields v. Thaler*, 588 F.3d 270, 277 (2009) (relatives with criminal involvement, stuttering, and failure to disclose prior conviction are race neutral reasons); *Murphy v. Dretke*, 416 F.3d 427, 433 (5th Cir. 2005) (failure to

disclose prior arrest and conviction and having close family member who was treated unfairly by the criminal-justice system are race neutral reasons); *Ladd v. Cockrell*, 311 F.3d 349, 356 (2002) (prior criminal history is a race-neutral reason).

The trial court credited the prosecutor's race neutral explanations, and the state court of appeals carefully reviewed the record in upholding the trial court's findings.  Because Petitioner has failed to establish that the state court's decision denying this ground for relief was contrary to or an unreasonable application of the holding in *Batson*, 28 U.S.C. § 2254(d)(1), or that it was an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(2), his claim should be denied.  See *Fields,* 588 F.3d at 277; *Cf. Felkner v. Jackson,* ___ U.S. ___,131 S. Ct. 1305, 1307-1308 (2011) (per curiam) (emphasizing that deference is required when reviewing *Batson* claim, and reversing because federal court of appeals had no basis to conclude that state appellate court's decision upholding trial court's denial of prisoner's *Batson* claim was unreasonable).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED March 27, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

       A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE